70 F.3d 637
 315 U.S.App.D.C. 76
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ricardo del CANTO, Appellant,
v.
Ronald RICHARDSON and Local 25, Hotel and Restaurant
Workers, Appellees.
 Nos. 94-7179, 94-7229.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 12, 1995.
 
 Appeals from the United States District Court, for the District of Columbia, No. 92cv2818; Paul L. Friedman, District Judge.
 Before: WALD, SILBERMAN, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These causes came to be heard on the record on appeal from the United States District Court for the District of Columbia, and were briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). It is
 
 
 2
 Ordered and Adjudged, by this Court, that the district court's summary judgment in favor of the defendant is affirmed. There is no evidence in the record to suggest that the union was a co-conspirator of the hotel for purposes of the alleged defamation and EPPA violations. Nor is there any factual basis for concluding that the union defamed Mr. del Canto or was an "employer" for purposes of the EPPA. We also affirm the imposition of Rule 11 sanctions. Assuming arguendo that Charles Cervantes has properly invoked this court's jurisdiction to appeal this issue, we conclude that the district judge's determination that Cervantes failed to perform an adequate pre-filing investigation of the defamation and conspiracy claims was clearly not an abuse of discretion. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.